UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER GAMBLE COVARRUBIOS,<br><br>Plaintiff,<br><br>v.<br><br>DONALD TRUMP ADMINISTRATION,<br><br>Defendant. | Case No.:  3:26-cv-1144-CAB-MSB<br><br>**ORDER DENYING MOTION TO PROCEED IFP AND DISMISSING COMPLAINT** |

On February 23, 2026, Plaintiff Tyler Gamble Covarrubios, proceeding pro se, filed a complaint against Defendant Donald Trump Administration.  [Doc. No. 1.] Plaintiff did not prepay the civil filing fees required by 28 U.S.C. § 1914(a) at the time of filing; instead, he filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). [Doc. No. 2.]  For the reasons below, the Court **DENIES** the IFP motion and **DISMISSES** the complaint with prejudice.

## I.    Motion to Proceed IFP

Generally, all parties instituting a civil action in this Court must pay a filing fee. *See* 28 U.S.C. § 1914(a); CivLR 4.5(a).  But under 28 U.S.C. § 1915(a), the Court may authorize any suit's commencement, prosecution, or defense without payment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing he or she is unable to pay filing fees or costs.  "[A] plaintiff seeking IFP status must allege

1

poverty with some particularity, definiteness and certainty." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (internal quotation marks omitted).  Plaintiff's IFP application is entirely blank.  [*See generally* Doc. No. 2.]  Accordingly, the Court **DENIES** Plaintiff's motion to proceed IFP.

## II.    Screening of the Complaint

A plaintiff seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to sua sponte dismissal if the complaint is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").  Congress enacted this safeguard because "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

The complaint lacks any factual allegations and is wholly incoherent and frivolous. [*See generally* Doc. No. 1.]  Accordingly, the Court **DISMISSES** the complaint with prejudice.

It is **SO ORDERED**.

Dated:  April 14, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge